---

BMO HARRIS BANK N.A.,

        Plaintiff,

    v.                                 Case No. 18-cv-595-pp

DVS FREIGHT LLC, OMG EXPRESS CORP.
and VIOLETA VELEVA,

        Defendants.

---

**ORDER DENYING WITHOUT PREJUDICE MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS OMG EXPRESS CORP. AND DVS FREIGHT LLC (DKT. NO. 13)**

---

The plaintiff's April 2018 complaint alleges breach of contract against OMG Express Corp. (Count One), DVS Freight LLC (Count Two) and Violeta Veleva (Count Three). Dkt. No. 1. The complaint alleges that the court has diversity jurisdiction under 28 U.S.C. §1332; the plaintiff and defendants are citizens of different states and the amount in controversy exceeds $75,000. Id. On June 6, 2018 defendant Veleva, referring to herself as "*pro se,*" answered the complaint on behalf of all three defendants. Dkt. No. 7. The plaintiff moved to strike the answer on the grounds that the corporate defendants could appear in federal courts only through licensed counsel. Dkt. No. 9. Judge Duffin, to whom this case originally was assigned, granted the motion on August 1, 2018. Dkt. No. 11. In his order, Judge Duffin explained to Veleva that she could not represent the corporate defendants (although she could represent herself). Judge Duffin allowed the answer to stand as *Veleva's* answer, but gave her fourteen days—until August 15, 2018—to retain counsel

1

for the corporate defendants and serve a responsive pleading to the complaint. Id.

August 15 came and went without a lawyer making a notice of appearance on behalf of the corporate defendants. A week later, the plaintiff asked the clerk to enter default against the corporate defendants. Dkt. No. 12. The clerk entered default the next day. The plaintiff since has filed a motion for default judgment, and attachments in support of their request for the balance of the outstanding loan and securities agreements. Dkt. No. 13. The clerk's office assigned the case to this court in mid-September; no one has filed anything since. No attorney has appeared for the corporate defendants. Veleva has not asked for an extension of time to find a lawyer for the corporate defendants.

## I.    ENTRY OF DEFAULT

Federal Rule of Civil Procedure 55 requires a two-step process before a court may grant default judgment. A party first must seek an entry of default based on the opposing party's failure to plead. Fed. R. Civ. P. 55(a). This means that the court must assure itself that the defendant was aware of the suit and still did not respond.

The plaintiff requested issuance of a summons for DVS on April 17, 2018; the plaintiff addressed the summons to "DVS Freight LLC, 9931 70th Street, Kenosha, WI 53124." Dkt. No. 2 at 1. It did not include the name of a registered agent or corporate representative. The Wisconsin Department of Financial Institutions' web site indicates that DVS has a registered agent— Sevdalin Zhekov, 9931 70th Street, Kenosha, WI 53142-8352. https://www.wdfi.org/apps/CorpSearch. The plaintiff did not file an executed copy of the summons.

The plaintiff also requested issuance of a summons for OMG on April 17, 2018; it addressed that summons to "OMG Express Corp., 4128 46th Street, Kenosha, WI 53144." Dkt. No. 3. The Wisconsin Department of Financial Institutions' web site shows that OMG Express Corp. had a registered agent—Violeta Veleva, at 9931 70th Street, Kenosha, WI 53142. https://www.wdfi/org.apps/CorpSearch. (The site also shows that OMG Express was administratively dissolved on March 18, 2018—a month *before* the plaintiff filed the complaint.) The plaintiff did not file an executed copy of the summons.

In his September 11, 2018 affidavit in support of the request for default, counsel for the plaintiff averred that on May 15, 2018, the corporate defendants were served by "Guaranteed Subpoena." Dkt. No. 12-1. Federal Rule of Civil Procedure 4(h)(1)(A) allows a plaintiff to serve a corporation "in the manner prescribed by Rule 4(e)(1) for serving an individual." Rule 4(e)(1) allows a plaintiff to serve an individual by following state law for serving a summons. Wis. Stat. §801.11(5) requires a plaintiff to serve a corporation by either personally serving an officer, director or managing agent of the corporation or leaving a copy at the office of such an officer, director or managing agent "with the person who is apparently in charge of the office." If the plaintiff cannot accomplish that "with reasonable diligence," the plaintiff may serve an officer, director or managing agent by publication and mailing.

In the alternative, Rule 4(h)(1)(B) requires that a plaintiff serve a corporate defendant by delivering the summons and complaint "to an officer, a managing or general agent, or any other agent authorized by appointment or law to receive service of process and—if the agent is one authorized by statute

and the statute so requires—by also mailing a copy of [the summons and complaint] to the defendant."

Because the plaintiff did not file executed summons forms, the court has no way of knowing whom the plaintiff served—which "officer, managing or general agent," if any. Neither Rule 4 nor §801.11 mentions "guaranteed subpoena;" the court does not know what that means. Those rules allow personal service on an officer or agent, or publication/mailing. The affidavit in support of the entry of default makes no mention of either of these forms of service.

There is circumstantial evidence that OMG Express Corp. is aware that it has been sued. As the court indicated above, individual defendant Violeta Veleva, filed an answer on behalf of the corporate entities. The complaint does not explain Veleva's relationship to the corporate entities (although it states that OMG has its principal place of business at 4128 46th Street, Kenosha County, Wisconsin, which the complaint alleges is Veleva's home address). Dkt. No. 1 at 1-2. The DFI web site, however, shows that Veleva was OMG's registered agent while it existed. The complaint also alleges that Veleva executed several personal guarantees of the corporate defendants' alleged debts to the plaintiff. Id. at 10-11. This circumstantial evidence indicates that because Veleva knows about the lawsuit, OMG Express knows about the lawsuit. The court concludes that OMG Express is aware that it has been sued.

But Veleva is not the registered agent for DVS. The court has no idea who the officers or directors of that company may be, and the court has no idea whether the plaintiff served the listed agent, or how. It is possible—maybe even likely—that DVS is aware that it has been sued. Perhaps Veleva *is* DVS. But

4

the court cannot draw that conclusion from the record before it. The court needs more before it will consider a motion for default judgment against DVS.

## II.     PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

After the entry of default, a plaintiff may move for default judgment under Rule 55(b). Fed. R. Civ. P. 55(b). When the court determines a defendant is in default, the court accepts as true the well-pleaded allegations in the complaint. e360 Insight v. The Spamhaus Project, 500 F.3d 594, 602 (7th Cir. 2007). "A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action in the complaint." Id. However, "even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of damages are not deemed true." Id. (quoting In re Catt, 38 F.3d 789, 793 (7th Cir. 2004)). A district court "must conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." Id. Rule 55(b)(2) allows the district to conduct this inquiry through hearings or referrals, if necessary, to determine the amount of damages. Fed. R. Civ. P. 55(b). Such proceedings are unnecessary, however, if the "amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." e360 Insight, 500 F.3d at 602 (quoting Dundee Cement Co. v. Howard Pipe & Concrete Prods. Inc., 722 F.2d 1319, 1323 (7th Cir. 1983)).

The complaint and the plaintiff's affidavit in support of default judgment (dkt. no. 13-2) suffice to demonstrate liability, and allow the court to ascertain definite figures from damages. Rather than separating out damages attributable to OMG Express and issuing judgment as to that defendant now, however, the court will deny the motion without prejudice. The plaintiff may

ask to renew the motion if and when it demonstrates that DVS is aware of the suit.

## III.    CONCLUSION

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion for default judgment. Dkt. No. 13.

The court **ORDERS** that by the end of the day on **Friday, February 8, 2019**, the plaintiff shall provide the court with proof that defendant DVS Freight LLC is aware of the suit, and that its failure to answer is not due to ignorance of the suit's existence.

Dated in Milwaukee, Wisconsin this 14th day of January, 2019.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**