UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

BMO HARRIS BANK NA,

        Plaintiff,

   v.

                              Case No. 18-cv-595-pp

DVS FREIGHT LLC, OMG EXPRESS CORP.,
VIOLETA VELEVA, and OMG ENTERPRISE INC.,

        Defendants.

---

**ORDER DENYING AS MOOT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DVS FREIGHT LLC AND OMG EXPRES CORP. (DKT. NO. 20), GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO SERVE AND FOR ALTERNATIVE SERVICE (DKT. NO. 25) AND STAYING PROCEEDINGS AS TO DEFENDANT VIOLETA VELEVA**

---

**I.    Procedural History**

On April 16, 2018, the plaintiff sued DVS Freight LLC, OMG Express Corp. and Violeta Veleva, alleging that all three defendants had breached a contract with the plaintiff. Dkt. No. 1. On June 6, 2018, defendant Veleva answered on behalf of all three defendants. Dkt. No. 7. The plaintiff filed a motion to strike the answer and Judge Duffin (to whom this case originally was assigned) granted the motion on the ground that the two corporate entities could appear in federal court only via licensed counsel. Dkt. No. 11. Judge Duffin gave defendants DVS Freight and OMG Express fourteen days to answer or otherwise respond to the complaint through counsel. Id. at 3. To date, the

1

two corporate defendants have not answered or responded, and no counsel has filed a notice of appearance for either of them.

In September of 2018, the plaintiff moved for entry of default, dkt. no. 12, and default judgment, dkt. no. 13, against the corporate defendants. The clerk entered default on August 23, 2018. This court considered the plaintiff's motion for default judgment in January of 2019 and concluded that on the record before it, the plaintiff had not shown that it had effected proper service on DVS Freight, LLC. Dkt. No. 14 at 4-5. It ordered the plaintiff to provide the court with proof that DVS was aware of the suit and that its failure to answer was not the result of ignorance of the suit's existence. Id. at 6.

The plaintiff responded by filing a return of service indicating that on May 15, 2018, the process server had served the summons and complaint on "Violeta Velva" as managing member for DVS Freight LLC, 9931 70th Street in Kenosha. Dkt. No. 15. The plaintiff also filed a declaration of counsel attesting that Violeta Veleva was vice president of DVS and a member of that corporation. Dkt. No. 18. Counsel supported this assertion by referencing the signature page of the loan agreement. Id. (citing Dkt. No. 1-7 at 6, showing Veleva signing a loan and security agreement as Vice President of DVS Freight LLC as of October 2014 and Dkt. No. 1-9 at 6, showing Veleva signing another loan and security agreement as a member of DVS Freight LLC as of November 2014).

The plaintiff filed a second return of service indicating that on May 15, 2018, it personally had served OMG Express Corp. by serving "Violeta Velva-

Registered Agent" at 9931 70th St, Kenosha, WI 53124. Dkt. No. 16. Finally, it filed a return of service indicating that on May 15, 2018, it had served "Violeta Velva" at 9931 70th Street, Kenosha, WI 53124. Dkt. No. 17.

On February 26, 2019, the plaintiff filed a second motion for default judgment. Dkt. No. 20. The motion asked the court to enter default judgment as to both DVS Freight LLC and OMG Express Corp. Id. The brief in support of the motion indicated that Violeta "Velva" was listed as the registered agent for DVS Freight, LLC, OMG Express Corp. and OMG Enterprise Inc., but that the plaintiff had been unable to serve OMG Enterprise at the address it had used to serve the other defendants (9931 70th Street, Kenosha, Wisconsin). Dkt. No. 25-2.

On June 5, 2019 the plaintiff asked for leave to file an amended complaint and an amended motion for default judgment. Dkt. No. 21. The motion indicated that the original complaint did not name the proper defendant. Id. at 2. While the original complaint alleged that the plaintiff had entered into an agreement with "OMG Express Corp.," the motion for leave to amend says that the plaintiff actually entered into an agreement with "OMG Enterprise Inc." Id. The motion also asked for leave to file an amended motion for default judgment. Id. The court granted the motion to file an amended complaint but denied as premature the motion to file an amended motion for default judgment. Dkt. No. 22. The plaintiff subsequently filed its amended complaint. Dkt. No. 23.

On October 11, 2019—about three months after the plaintiff filed the amended complaint—the plaintiff filed this motion for extension of time to serve OMG Enterprise Inc. and for alternative service. Dkt. No. 25. The plaintiff alleged that it unsuccessfully tried to serve Violeta Veleva—the registered agent—nine times on six different days in July and August 2019. Dkt. No. 25-2 at 2; see also Dkt. No. 25-1 (affidavits of non-service). The plaintiff asks to serve through "alternative" service—namely, by certified mail and other service under Rule 4(e)(1) of the Federal Rules of Civil Procedure and Wisconsin Statute 801.11(1)(c) and (5)(b). Id.

**II.    Discussion**

    A.    Motion for Default Judgment (Dkt. No. 20)

The court will deny the motion for default judgment without prejudice. The court's concern last time round was that it had no way to know whether *DVS Freight* was aware it had been sued. The court pointed out in its January 14, 2019 order that the Wisconsin Department of Financial Institutions web site showed that the registered agent for DVS Freight LLC is Sevdalin Zhekov. Dkt. No. 14 at 2 (citing https://www.wdfi.org/apps/CorpSearch). Despite this, the plaintiff's counsel insists that Violeta Veleva (whose name the plaintiff variously spells "Velva" and "Veleva") is the registered agent for DVS Freight, LLC. The plaintiff asserts that Veleva is vice president and an member of DVS Freight because some six or seven years ago, she signed the loan agreements using those titles. It's not clear to the court why the plaintiff doesn't just serve

4

the registered agent for DVS Freight, the person whose name is listed on the DFI web site.

The plaintiff says it has served OMG Express Corp. Violeta Veleva *was* the registered agent of that corporation before it was administratively dissolved. But it hasn't been able to serve OMG Enterprise, whose registered agent also was Violeta Veleva before it was administratively dissolved. Until the plaintiff is able to effectuate service on OMG Enterprise, and show that it has *properly* served DVS Freight, the court will not grant default judgment.

    B.    <u>Motion for Alternative Service or, In the Alternative, Extending Time to Serve Defednant OMG Enterprise Inc. (Dkt. No. 25)</u>

        1.    *Legal Standard*

Under Rule 4(h), a plaintiff may serve a corporate defendant "in the manner prescribed by Rule 4(e)(1)." Fed. R. Civ. P. 4(h)(1)(A). Rule 4(e)(1) allows the plaintiff to serve an individual using the methods allowed by state law in the state where the federal district is located. Fed. R. Civ. P. 4(e)(1). In this case, that's Wisconsin.

Usually, Wisconsin requires plaintiffs to personally service an officer, director, or managing agent of a corporate defendant. Wis. Stat. §801.11(5)(a). But if personal service isn't possible through reasonable diligence, Wisconsin allows plaintiffs to serve a corporate defendant "by publication of the summons as a class 3 notice, under ch. 985, and by mailing [to an officer, director, or managing agent's last known address]." Wis. Stat. §801.11(1)(c), (5)(b).

5

2. *Analysis*

The Wisconsin Department of Financial Institutions website shows that Veleva was the registered agent of OMG Enterprise, with an address of 4128 46th Street, Kenosha, Wisconsin. https://www.wdfi.org/apps/CorpSearch/Details.aspx?entityID=O028992&hash=847828057&searchFunctionID=a79b80f3-027f-4f59-a0b0-918dba7e7bd3&type=Simple&q=omg+enterprise. The site also shows that OMG Enterprise was administratively dissolved on October 19, 2019, about a week after the plaintiff filed this motion. The plaintiff has believed for some time that Veleva lived at 9931 70th Street, Kenosha, Wisconsin. Dkt. No. 25-1 at 3–6. The plaintiff says that it successfully served her there on a previous occasion. Id. The plaintiff attests that it unsuccessfully tried to serve OMG Enterprise, through Veleva, at the 70th Street address nine times in July and August of 2019. Id. at 7–9.

The court notes that on February 18, 2020, the plaintiff filed a suggestion of bankruptcy as to Veleva. Dkt. No. 26. PACER shows that on February 17, 2020, Veleva filed a Chapter 7 petition in the Eastern District of Wisconsin. In re Violeta Veleva, Case No. 19-21197-gmh (Bankr. E.D. Wis.). The address listed on the petition is 9931 70h Street, Kenosha, Wisconsin 53142—the address at which the plaintiff has been trying to serve OMG Enterprise. The court is satisfied that the plaintiff has made diligent efforts to serve OMG Enterprise.

The court will grant the plaintiff's motion for alternative service. The court will allow the plaintiff to serve OMG Enterprise through mail and publication as described in Wisconsin Statute §801.11(1)(c) and (5)(b).

C. Violeta Veleva

Because Violeta Veleva has filed for Chapter 7 protection, the court will stay all proceedings against her until the plaintiff notifies the court either that she has received a discharge or that her Chapter 7 petition has been dismissed.

**III. Conclusion**

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion for default judgment as to DVS Freight LLC and OMG Express Corp. Dkt. No. 20.

The court **GRANTS** the plaintiff's motion for alternative service. Dkt. No. 25.

The court **ORDERS** that the plaintiff may serve defendant OMG Express through mail and publication as described in Wisconsin Statute §§801.11(1)(c) and (5)(b).

The court **ORDERS** that this case is **STAYED** as to defendant Violeta Veleva only. The court **ORDERS** that the plaintiff shall notify the court when Veleva's bankruptcy case has been dismissed or she has received a discharge.

Dated in Milwaukee, Wisconsin this 30th day of March, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**