UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BMO HARRIS BANK NA,

        Plaintiff,

   v.

Case No. 18-cv-595-pp

DVS FREIGHT LLC, OMG EXPRESS CORP.,
VIOLETA VELEVA, and OMG ENTERPRISE INC.,

        Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO SERVE AND FOR ALTERNATIVE SERVICE (DKT. NO. 36)**

## I. Factual Background

On April 16, 2018, the plaintiff sued DVS Freight LLC, OMG Express Corp. and Violeta Veleva, alleging that all three defendants had breached a contract with the plaintiff. Dkt. No. 1. On June 6, 2018, Veleva answered on behalf of all three defendants. Dkt. No. 7. The plaintiff filed a motion to strike the answer and Judge Duffin (to whom this case originally was assigned) granted the motion on the ground that the two corporate entities could appear in federal court only through licensed counsel. Dkt. No. 11. Judge Duffin gave defendants DVS Freight and OMG Express fourteen days to answer or otherwise respond to the complaint through counsel. Id. at 3. To date, DVS Freight LLC has not answered or responded, and no counsel has filed a notice of appearance on its behalf.

1

In September 2018, the plaintiff moved for entry of default, dkt. no. 12, and default judgment, dkt. no. 13, against the corporate defendants. The clerk entered default on August 23, 2018. This court considered the plaintiff's motion for default judgment in January of 2019 and concluded that the plaintiff had not shown that it had effected proper service on DVS Freight, LLC. Dkt. No. 14 at 4-5. It ordered the plaintiff to provide the court with proof that DVS was aware of the suit and that its failure to answer was not the result of ignorance of the suit's existence. Id. at 6.

The plaintiff responded by filing a return of service indicating that on May 15, 2018, the process server had served the summons and complaint on "Violeta Velva" as managing member for DVS Freight LLC, 9931 70th Street in Kenosha. Dkt. No. 15. The plaintiff also filed a declaration of counsel attesting that Violeta Veleva was vice president of DVS and a member of that corporation. Dkt. No. 18. Counsel supported this assertion by referencing the signature page of the loan agreement. Id. (citing Dkt. No. 1-7 at 6, showing that Veleva signed a loan and security agreement as Vice President of DVS Freight LLC as of October 2014, and Dkt. No. 1-9 at 6, showing that Veleva signed another loan and security agreement as a member of DVS Freight LLC as of November 2014).

On June 5, 2019 the plaintiff asked for leave to file an amended complaint and an amended motion for default judgment. Dkt. No. 21. The motion indicated that the original complaint did not name the proper defendant. Id. at 2. While the original complaint alleged that the plaintiff had

2

entered into an agreement with "OMG Express Corp.," the motion for leave to amend says that the plaintiff actually entered into an agreement with "OMG Enterprise Inc." Id. The motion also asked for leave to file an amended motion for default judgment. Id. The court granted the motion to file an amended complaint but denied as premature the motion to file an amended motion for default judgment. Dkt. No. 22. The plaintiff subsequently filed its amended complaint on July 9, 2019. Dkt. No. 23.

Although the plaintiff previously had served DVS by effecting service on its prior registered agent, Ms. Veleva, under a court order from March 30, 2020, the plaintiff is required to re-serve DVS through their current registered agent, listed on the Department of Financial Institution's website as Sevdalin Zhekov. Dkt. No. 27. The plaintiff asserts that it has made "many attempts" to serve Mr. Zhekov at three separate addresses, all without success. Dkt. No. 36-1. The plaintiff now seeks leave to effect alternative service, or in the alternative, to have more time to serve DVS Freight LLC.

## II.  Motion for Alternative Service or, in the Alternative, Extending Time to Serve Defendant OMG Enterprise, Inc. (Dkt. No. 36)

### A.  Legal Standard

Under Federal Rule of Civil Procedure 4(h), a plaintiff may serve a corporate defendant "in the manner prescribed by Rule 4(e)(1)." Fed. R. Civ. P. 4(h)(1)(A). Rule 4(e)(1) allows the plaintiff to serve an individual using the methods allowed by state law in the state where the federal district is located. Fed. R. Civ. P. 4(e)(1).

3

Case 2:18-cv-00595-PP   Filed 09/08/20   Page 3 of 5   Document 37

Usually, Wisconsin requires plaintiffs to personally serve an officer, director or managing agent of a corporate defendant. Wis. Stat. §801.11(5)(a). But if personal service isn't possible through reasonable diligence, Wisconsin allows plaintiffs to serve a corporate defendant "by publication of the summons as a class 3 notice, under ch. 985, and by mailing [to an officer, director, or managing agent's last known address]." Wis. Stat. §801.11(1)(c), (5)(b).

B.  Analysis

The Wisconsin Department of Financial Institutions' website shows that Sevdalin Zhekov is the registered agent of DVS Freight LLC, with an address of 9931 70th St., Kenosha, WI 53142-8352. https://www.wdfi.org/apps/CorpSearch/Details.aspx?entityID=D052227&hash=2130663864&searchFunctionID=dbeb992f-ad97-4bfd-8a95-e953500e77a&type=Simple&q=DVS+Freight. The website also shows that DVS Freight LLC has been in good status since at least November 26, 2018, about twenty-one months before the plaintiff filed this motion. On April 9, 2020, the plaintiff attempted to serve Mr. Zhekov at the above address through a process server. Dkt. No. 36-1 at 1. At that time, the process server spoke with Violeta Veleva, DVS's prior registered agent, who stated that she had no affiliation with Mr. Zhekov or DVS. The process server was unsuccessful in serving Mr. Zhekov, id. at 5, though the plaintiff still believes Mr. Zhekov is at the 70th Street, Kenosha, location, id. at 1. Between July 24 and July 29, 2020, the plaintiff attempted to serve Mr. Zhekov several times at his two other addresses without any success: 5210 N. Reserve Ave., Apt. 1 W, Chicago, IL 60656 and 2906 Ernst Street, Franklin Park, IL 60131.

4

Id. at 7-8. The court is satisfied that the plaintiff has made diligent efforts to serve DVS Freight LLC.

The court will grant the plaintiff's motion for alternative service. The court will allow the plaintiff to serve DVS Freight LLC by mail and publication as described in Wisconsin Statute §801.11(1)(c) and (5)(b).

### III. Conclusion

The court **GRANTS** the plaintiff's motion for alternative service. Dkt. No. 36.

The court **ORDERS** that the plaintiff may serve DVS Freight LLC through mail and publication as described in Wisconsin Statute §801.11(1)(c) and (5)(b).

Dated in Milwaukee, Wisconsin this 8th day of September, 2020.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**