UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

BMO HARRIS BANK N.A.,

        Plaintiff,

  v.

DVS FREIGHT LLC, OMG EXPRESS CORP.,
OMG ENTERPRISE INC., and VIOLETA VELEVA,

        Defendants.

Case No. 18-cv-595-pp

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT
(DKT. NO. 42) AND DISMISSING CASE**

---

     On April 16, 2018, the plaintiff filed a complaint against the defendants for breach of contract. Dkt. No. 1. On June 6, 2018, defendant Violeta Veleva, without counsel, filed an answer on behalf of herself, DVS Freight and OMG Express. Dkt. No. 7. The plaintiff then filed a motion to strike the answer as to DVS Freight and OMG Express. Dkt. No. 9. Magistrate Judge William E. Duffin struck the answer as it pertained to the DVS Freight and OMG Express because "[a] corporation or limited liability company cannot proceed pro se." Dkt. No. 11 at 1. On August 22, 2018, the plaintiff asked the Clerk of Court to enter default as to defendants DVS Freight LLC and OMG Express Corporation, dkt. no. 12; the clerk's office entered default on August 23, 2018. The plaintiff then filed a motion for default judgment against the corporate defendants. Dkt. No. 13. The court denied the motion without prejudice on January 14, 2019

1

and ordered that by February 8, 2019, the plaintiff must provide proof that DVS Freight was aware of the suit. Dkt. No. 14 at 6.

On January 23, 2019, the plaintiff filed returns of service for Veleva and for DVS Freight LLC through Veleva as an officer/member and OMG Express Corp. through Veleva as registered agent. Dkt. Nos. 15, 16, 17. The next day, the plaintiff filed a supplemental declaration from Attorney James Haney, indicating that the two corporations were "personally served" through Veleva. Dkt. No. 18. On February 26, 2019, the plaintiff filed a second motion for default judgment as to DVS Freight LLC and OMG Express Corp. Dkt. No. 20.

On June 5, 2019, the plaintiff filed a motion for leave to file an amended complaint and an amended motion for default judgment, indicating that the original complaint had not named the proper defendant. Dkt. No. 21. The court granted that motion. Dkt. No. 22. The plaintiff filed an amended complaint on July 9, 2019. Dkt. No. 23. The next day, the plaintiff filed a certificate of service, certifying that copies of the amended complaint and order granting leave to file the amended complaint were served through U.S. First Class Regular Mail and Certified Mail on DVS Freight LLC (c/o Veleva), OMG Express Corp. (c/o Veleva) and Violeta Veleva. Dkt. No. 24.

On October 11, 2019, the plaintiff filed a motion for extension of time to serve OMG Enterprise Inc. and for alternative service. Dkt. No. 25. Several months later, the court issued an order denying the February 26, 2019 second motion for summary judgment (noting that the plaintiff still had not tried to effect service on the person the Wisconsin Department of Financial Institutions

2

had identified as the registered agent of DVS Freight, LLC, Sevdalin Zhekov, and that it had not served OMG Enterprise—which had been administratively dissolved—at all). Dkt. No. 27 at 4-5. The court granted the motion for an extension of time to serve OMG Express and granted the plaintiff's request to serve that entity through mail and publication as permitted under Wis. Stat. §§801.11(1)(c) and (5)(b). Id. at 5-8. The court stayed the case as to Veleva pending the result of Veleva's Chapter 7 bankruptcy proceedings. Id. at 7.

On April 22, 2020, the plaintiff filed a return of service for OMG Express Corp.; again, it indicated that it had served the corporation through Veleva. Dkt. No. 29. Two months later, the plaintiff filed a motion for extension of time to serve DVS Freight LLC and OMG Enterprise, Inc. Dkt. No. 30. It indicated that it had tried several times to serve DVS Freight through its "new" registered agent, but had been unsuccessful, and that it had served OMG by mail but was still going through the publication process. Id. at ¶¶3-5. The court granted the motion the next day and ordered the plaintiff to effectuate service on DVS Freight LLC and OMG Enterprise, Inc. by the end of the day on July 31, 2020. Dkt. No. 31.

On July 23, 2020, the plaintiff filed proof of service by publication on OMG Enterprise in The Kenosha News, dkt. no. 32, as well as a certificate of service on OMG Enterprise by first-class mail to two different addresses—9931 70th Street in Kenosha and 4128 6th Street in Kenosha, dkt. no. 33. The next week, the plaintiff filed a motion for extension of time to serve DVS Freight. Dkt. No. 34. The court granted that motion. Dkt. No. 35. On August 26, 2020,

3

the plaintiff filed another motion for extension of time to serve DVS Freight and for alternate service on DVS Freight. Dkt. No. 36. The court granted *this* motion, allowing the plaintiff to serve DVS Freight through mail and publication under Wis. Stats. §§801.11(1)(c) and (5)(b). Dkt. No. 37. On October 12, 2020, the plaintiff filed a proof of service by publication on DVS Freight in the Kenosha News, dkt. no. 38, as well as a certificate of service, dkt. no. 39.

On October 19, 2020, the plaintiff filed a notice of dismissal with prejudice as to Violeta Veleva. Dkt. No. 40. That same day, the plaintiff filed a request for entry of default as to DVS Freight, OMG Express and OMG Enterprise. Dkt. No. 41. The court terminated Violeta Veleva as a party and the Clerk of Court entered default as to DVS Freight, OMG Enterprise and OMG Express.

The plaintiff has filed an amended motion for default judgment as to the remaining defendants. Dkt. No. 42. The court will grant that motion.

**I.    ENTRY OF DEFAULT**

Federal Rule of Civil Procedure 55 requires a two-step process before the entry of default judgment. A party first must seek an entry of default based on the opposing party's failure to plead. Fed. R. Civ. P. 55(a). This means that the court must assure itself that the defendant was aware of the suit and still did not respond.

A.    OMG Express Corp.

Under Federal Rule of Civil Procedure 4(h), plaintiffs may serve a corporate defendant "in the manner prescribed by Rule 4(e)(1)." Fed. R. Civ. P.

4

4(h)(1)(A). Rule 4(e)(1) allows the plaintiffs to serve an individual using the methods allowed by state law in the state where the federal district is located. Fed. R. Civ. P. 4(e)(1). Usually, Wisconsin requires plaintiffs to personally serve an officer, director or managing agent of a corporate defendant. Wis. Stat. § 801.11(5)(a).

The plaintiff filed a return of service for OMG Express Corp on April 22, 2020. Dkt. No. 29. The summons shows that the plaintiff's process server personally served Violeta Veleva as the registered agent for OMG Express Corp, at 9931 70th Street, Kenosha, WI 53142. Id. Although OMG Express Corp. is now administratively dissolved, the website for the Wisconsin Department of Financial Institutions shows that Violeta Veleva was its most recent registered agent and confirms the address. https://www.wdfi.org/apps/CorpSearch/Details.aspx?entityID=O026233&hash=1864158482&searchFunctionID=60804cf0-17fc-4276-b152-05d2c1372c9c&type=Simple&q=OMG+Express+Corp.

B.  OMG Enterprise Inc.

The court granted the plaintiff's motion for an extension of time and for alternate service on OMG Enterprise, Inc. Dkt. No. 27. Under the court's order, the plaintiff was authorized serve OMG Enterprise "through mail and publication as described in Wisconsin Statute §801.11(1)(c) and (5)(b)." Id. at 7. Wis. Stat. §801.11(5)(b) allows a plaintiff to serve a domestic corporation by effecting service "upon an officer, director, or managing agent of the corporation or limited liability company by publication and mailing as provided in sub. (1)." Wis. Stat. §801.11(1)(c) describes service by publication and mail,

5

indicating that if the plaintiff cannot effect personal service "with reasonable diligence,

> service may be made by publication of the summons as a class 3 notice, under ch. 985, and by mailing. If the defendant's post-office address is known or can with reasonable diligence be ascertained, there shall be mailed to the defendant, at or immediately prior to the first publication, a copy of the summons and a copy of the complaint. The mailing may be omitted if the post-office address cannot be ascertained with reasonable diligence.

Chapter 985 requires that legal notice be published "in a newspaper likely to give notice in the area or to the person affected." Wis. Stat. 985.02(1)

The plaintiff published notice of the suit in The Kenosha News for four weeks, once a week—from June 25 to July 16, 2020. Dkt. No. 32. Although OMG Express has been administratively dissolved, it's last recorded address was in Kenosha, Wisconsin. https://www.wdfi.org/apps/CorpSearch/Details.aspx?entityID=O028992&hash=847828057&searchFunctionID=8785dc4c-6ccc-4cc0-8da7-5efbd580c2bc&type=Simple&q=OMG+Enterprise+Inc. A Google search of "newspaper Kenosha Wisconsin" yields one result—The Kenosha News. The court finds that publication in The Kenosha News satisfies the publication requirement for a newspaper likely to give notice in the area where OMG Enterprise, Inc. was located.

The plaintiff also filed a return of service showing that it mailed copies of the amended complaint, summons and the order granting alternative service to OMG Enterprise, Inc. by first-class mail. Dkt. No. 33 at 1. The mail was sent to two addresses: OMG Enterprise, Inc., 9931 70th Street, Kenosha, WI 53142 and OMG Enterprise, Inc., 4128 6th Street, Kenosha, WI 53144.

Id. at 2, 3.

The court finds that the plaintiff has effected service on OMG Enterprise, Inc. under Wis. Stat. §§801.11(1)(c) and (5)(b).

### C. DVS Freight, LLC

The court granted the plaintiff's motion for an extension of time and for alternate service on DVS Freight LLC. Dkt. No. 37. Under the court's order, the plaintiff was authorized to serve DVS Freight "by mail and publication as described in Wisconsin Statute §801.11(1)(c) and (5)(b)." Id. at 5.

The plaintiff published notice of the suit in The Kenosha News for four weeks, once per week—from September 14, 2020 to October 5, 2020. Dkt. No. 38. DVS Freight also has been dissolved; its last address was in Kenosha, Wisconsin. https://www.wdfi.org/apps/CorpSearch/Details.aspx?entityID=D052227&hash=2130663864&searchFunctionID=56aa9508-d059-453f-b8bf-a2229f958756&type=Simple&q=DVS+Freight. The court concludes that publication in The Kenosha News satisfies the requirement for service by publication in a newspaper likely to give notice in the area of DVS Freight LLC.

The plaintiff also filed a return of service indicating that it mailed copies of the amended complaint, summons and the order granting alternative service to DVS Freight by first-class mail. Dkt. No. 39 at 1. The mail was sent to DVS Freight LLC, c/o Sevdalin Zhekov, Registered Agent, 9931 70th Street, Kenosha, WI 53144. Id. at 2.

The court finds that the plaintiff has properly served defendant DVS Freight, LLC as permitted under Wis. Stat. §§801.11(1)(c) and (5)(b).

## II.     PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

After the entry of default, the plaintiff may move for default judgment under Fed. R. Civ. P. 55(b). When the court determines that a defendant is in default, the court accepts as true the well-pleaded allegations in the complaint. e360 Insight v. The Spamhaus Project, 500 F.3d 594, 602 (7th Cir. 2007). "A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action in the complaint." Id. However, "even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of damages are not deemed true." Id. (quoting In re Catt, 38 F.3d 789, 793 (7th Cir. 2004)). A district court "must conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." Id. Rule 55(b)(2) allows the district court to conduct this inquiry through hearings or referrals, if necessary, to determine the amount of damages. Fed. R. Civ. P. 55(b). Such proceedings are unnecessary, however, if the "amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." e360 Insight, 500 F.3d at 602 (quoting Dundee Cement Co. v Howard Pipe & Concrete Prods., Inc., 722 F2d 1319, 1323 (7th Cir. 1983)).

The complaint states four claims for breach of contract, one against each defendant. Dkt. No. 23 at 11-14. Because the court has dismissed defendant Violeta Veleva, three claims remain. Each claim is based on the plaintiff's allegation that the particular defendant defaulted on its loans.

8

The plaintiff had entered into Loan and Security agreements with each of the defendants. Each of these agreements includes "Events of Default" clauses making OMG Express in default as a debtor under the loan if it "fail[ed] to pay when due any amount owed by it to BHB [BMO Harris Bank] under this Agreement." Id. at ¶¶12, 21, 30, 41. Each also includes a remedy clause, whereby "upon default by OMG Express, BHB may "declare the indebtedness hereunder to be immediately due and payable." Id. at ¶¶13, 22, 31, 42. In all the following contracts, the plaintiff states that each defendant defaulted by failing to make the minimum required monthly payment.

A. OMG Express Corp.

The plaintiff entered two agreements with OMG Express Corp. On November 22, 2013, OMG Express and the plaintiff entered into a Loan and Security Agreement in the amount of $36,650.16. Dkt. No. 23 at ¶8. On November 25, 2013, the parties entered into a second Loan and Security Agreement in the amount of $106,624.80. Id. at ¶17. The plaintiff states that OMG Express defaulted on these agreements on or about December 15, 2017. Id. at ¶¶ 16, 25.

The plaintiff claims that OMG Express Corp. owes $46,639.84 plus interest, attorneys' fees and costs and any other relief the court deems equitable and just. Id. at 12. The plaintiff has supported this amount through affidavit. Dkt. No. 42-2 at ¶36; 70-72 (Exhibit I).

9

B.  OMG Enterprise, Inc.

The plaintiff entered into one agreement with OMG Enterprise, Inc. On or about August 8, 2014, OMG Enterprise and the plaintiff entered into a Loan and Security Agreement in the amount of $152,178.48. Id. at ¶26. OMG Enterprise defaulted on this agreement on or about December 15, 2017. Id. at ¶36.

The plaintiff seeks from OMG Enterprise. Inc. $59,879.85 plus interest, attorneys' fees and costs and any other relief the court deems equitable and just. Id. at 12. It has supported this amount through affidavit. Dkt. No. 42-2 at ¶37; 73-74 (Exhibit J).

C.  DVS Freight LLC

The plaintiff entered into three agreements with DVS Freight LLC. On or about October 30, 2014, DVS Freight and the plaintiff entered into a Loan and Security Agreement in the amount of $143,181.60. Id. at ¶37. On or about November 26, 2014, DVS Freight entered into a second Loan and Security Agreement with the plaintiff in the amount of $154,106.64. Id. at ¶46. On or about January 7, 2015, DVS Freight and the plaintiff entered into a third Loan and Security Agreement in the amount of $158,058.00. Id. at ¶55. The plaintiff states that DVS Freight defaulted on all three loans on or about December 1, 2017. Id. at ¶45, 54, 63.

The plaintiff claims that DVS Freight LLC owes $165,567.49 plus interest, attorneys' fees and costs and any other relief the court deems

equitable and just. Id. at 13. It has supported this amount through affidavit. Dkt. No. 42-2 at ¶35; 66-69 (Exhibit H).

### III. CONCLUSION

The court **GRANTS** the plaintiff's motion for default judgment. Dkt. No. 42.

The court **ORDERS** that default judgment shall be entered in favor of the plaintiff and against OMG Express Corp. in the amount of $46,639.84 plus interest and costs.

The court **ORDERS** that default judgment shall be entered in favor of the plaintiff and against OMG Enterprise Inc. in the amount of $59,879.85 plus interest and costs.

The court **ORDERS** that default judgment shall be entered in favor of the plaintiff and against DVS Freight Corp. in the amount of $165,567.49 plus interest and costs.

The clerk will enter judgment accordingly.

The court **ORDERS** that this case is **DISMISSED**.

Dated in Milwaukee, Wisconsin this 22nd day of February, 2021.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**